1
2
3
4
5
6
7
8           IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   VERNON F. GARDNER,

11          Plaintiff,                CIV-S-04-1221 FCD GGH PS

12      vs.

13   UNITED STATES OF AMERICA,

14          Defendant.          FINDINGS & RECOMMENDATIONS

15   _____/

16   I.  INTRODUCTION

17          This action, in which plaintiff is proceeding pro se, has been referred to the

18   undersigned pursuant to E.D. Cal. L.R. 72-302(c)(21).  Pending before the court is the motion for

19   summary judgment filed December 20, 2004, on behalf of the United States.  Plaintiff has filed

20   an opposition, to which defendant has filed a reply.

21          The complaint, filed May 11, 2004, was removed from state court on June 25,

22   2004.  The complaint is a form which alleges only "motor home damage resultant from

23   arbitrary/capricious abuse of authority by SUAF at Travis AFB. Ca."  Plaintiff seeks $4,790.14 in

24   damages.

25   \\\\\

26   \\\\\

1

## II. SUMMARY JUDGMENT STANDARDS UNDER RULE 56

The "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee note to 1963 amendment).  Summary judgment is appropriate "if . . . there is no genuine issue as to any material fact, and . . .  the moving party is entitled to judgment as a matter of law." Rule 56(c).  Disputed facts must be material (affecting the outcome of the suit under the governing law), and genuine (supported by evidence permitting a reasonable jury to return a favorable verdict).  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).

The moving party:

> [A]lways bears the initial responsibility of informing the district
> court of the basis for its motion, and identifying those portions of
> "the pleadings, depositions, answers to interrogatories, and
> admissions on file, together with the affidavits, if any," which it
> believes demonstrate the absence of a genuine issue of material
> fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986) (quoting Rule 56(c)).

The moving party without the burden of proof at trial may rely "solely on the pleadings, depositions, answers to interrogatories, and admissions on file."  Id. (citations omitted.)  That party need only point to the absence of a genuine material factual issue, and is not required to produce evidence negating the opponent's claim.  Id. at 323-24; Lujan v. National Wildlife Fed'n, 497 U.S. 871, 885, 110 S. Ct. 3177, 3187 (1990).

When the moving party meets its responsibility, the burden shifts to the opposing party.  Matsushita, 475 U.S. at 586, 106 S. Ct. at 1356.  The opposing party then must submit "significant probative evidence" on each element of his claims on which he bears the burden at

\\\\\

\\\\\

1  trial.[1]  Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir. 1994).  Unverified denials in pleadings are

2  insufficient.  Neither can conclusory statements defeat a properly supported motion.  Scott v.

3  Rosenberg, 702 F.2d 1263, 1271-72 (9th Cir. 1983).  Rather, specific facts in the form of

4  affidavits or admissible discovery material must be submitted.  Rule 56(e); Matsushita, 475 U.S.

5  at 586 n.11, 106 S. Ct. at 1356 n.11.

6        The opposing party need not conclusively establish any fact.  To demonstrate a

7  genuine dispute, however, the opposing party "must do more than simply show that there is some

8  metaphysical doubt as to the material facts. . . .  Where the record taken as a whole could not lead

9  a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial."

10  Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356 (citation omitted).  In other words, the evidence

11  must demonstrate that a trial is required to resolve the parties' differing versions of the truth.

12  T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).

13        The court believes the evidence of the opposing party, Anderson, 477 U.S. at 255,

14  106 S. Ct. at 2513, and draws all reasonable inferences in its favor, Matsushita, 475 U.S. at 587,

15  106 S. Ct. at1356.  Nevertheless, inferences are not drawn out of the air, and the opposing party

16  must produce a factual predicate from which to draw an inference.  Richards v. Nielsen Freight

17  Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985).

18  III.  BACKGROUND

19        On September 12, 2003, plaintiff entered Travis Air Force Base Family Camp in a

20  recreational motor coach towing a minivan.  He parked in front of the manager's office, blocking

21  other traffic on the roadway, according to defendant.  When the assistant manager of the camp,

22  Anthony Monteleone, asked him to move his vehicle, plaintiff became upset but drove away to

23  re-park, driving at a speed significantly faster than the posted 5 miles per hour limit.  While

24  \\\\\

25

26  _____

[1]  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Celotex, 477 U.S. at 322.

1   driving, the vehicle hit a sign labeled, "Slow." The sign caused dents and scratches to the

2   vehicle. Plaintiff seeks damages as a result.

3          Plaintiff disputes the following facts. He claims that when he first entered the

4   camp and parked, he was not blocking other traffic from passing. Plaintiff also states that he

5   wanted to unhook the van and back up; however, the assistant manager demanded that he drive

6   back to the reentry with the van attached which plaintiff claims was dangerous. Plaintiff claims

7   the "Slow" sign was not propped to a barricade but was securely fastened to a metal post, and

8   was too close to the right side of the road, preventing him from passing without hitting it.

9   IV. <u>DISCUSSION</u>

10          The Federal Tort Claims Act contains a limited waiver of sovereign immunity,

11   making the Federal Government liable to the same extent as a private party for certain torts of

12   federal employees acting within the scope of their employment. <u>United States v. Orleans</u>, 425

13   U.S. 807, 813, 96 S. Ct. 1971, 1975, 48 L.Ed.2d 390 (1976); 28 U.S.C. § 1346(b); 28 U.S.C. §

14   2674.

15          Here, plaintiff has not established a dispute of fact which would show that the

16   United States was negligent in the way it posted the "Slow" sign which damaged plaintiff's RV

17   or by the actions of the camp's assistant manager in directing him to move his RV so he would

18   not obstruct traffic flow. Plaintiff has submitted no admissible evidence to rebut defendant's

19   statement of facts. Plaintiff has provided no declarations and none of his pleadings are signed

20   under penalty of perjury. His exhibits are photocopies of photographs submitted by the United

21   States or his own photographs which are not authenticated. Although plaintiff maintains the sign

22   was moved after the accident, "relocated for some dubious purpose," and that it was closer to the

23   middle of the road at the time of the accident, plaintiff has not provided admissible evidence to

24   support this allegation, or to refute the declarations and exhibits submitted by defendant.

25   Defendant's Exh. A, Monteleone Decl., ¶ 8. Plaintiff had sufficient room to drive his vehicle in

26   safely without hitting the sign. <u>Id.</u> Furthermore, plaintiff's allegation that he was not speeding is

4

also not supported by evidence, and defendant's declarations are accepted.  Defendant's Exh. B, Cummings Decl., ¶ 4; Exh. C, Hess Decl., ¶¶ 3, 4; Exh. D, Pehrson Decl., ¶ 4.  In fact, plaintiff admitted to the security forces patrolman on duty that day that he misjudged the distance to the sign.  Defendant's Exh. E, Stephenson Decl., ¶ 3.

In regard to plaintiff's claim that defendant demanded that he drive through and re-enter the campground and refused to allow him to unhook the car from the motor home, such a demand does not constitute any legal violation and was not the cause of the accident.  Plaintiff has not established "each element of his claim with significant probative evidence tending to support the complaint."  <u>Barnett</u>, 31 F.3d at 815 (internal quotations omitted).

A recurring issue in this case is the lengths to which the undersigned should go in "helping" the pro se plaintiff in his case.  The Ninth Circuit may be of two conflicting minds on the issue.  On the one hand, we are told that pro se litigants must follow the same rules of procedure that govern other litigants.  <u>King v. Atiyeh</u>, 814 F.2d 565, 567(1987) (waiver of originally pled but omitted causes of action in amended complaint).  Also, the district court has no "obligation to give notice of Rule 56's evidentiary standards" to "pro se litigants in the ordinary civil case," and "admissible evidence" must be submitted.  <u>Jacobsen v. Filler</u>, 790 F.2d 1362, 1364, 1365 (9th Cir.1986).  <u>See</u> <u>also</u> <u>Hal Roach Studios v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1550 (9th Cir. 1990) ("well established that unauthenticated documents cannot be considered on a motion for summary judgment").  Finally, as a general rule, the judge does not have to scour the record in efforts to find evidence which might defeat summary judgment, i.e., the litigant must supply the needed evidence within the motion or opposition.  <u>See</u> <u>Carmen v. San Francisco Unified School Dist.</u> 237 F.3d 1026, 1030 (9th Cir. 2001) stating the rule for represented parties: "Other circuits are not unanimous, but <u>Forsberg</u> is both binding on us and consistent with the majority view that the district court may limit its review to the documents submitted for the purposes of summary judgment and those parts of the record specifically referenced therein.  <u>But</u> <u>see</u> <u>Jones v. Blanas</u>, 393 F.3d 918, 922-23 (2004) ("[b]ecause Jones is

1  pro se, we must consider as evidence in his opposition to summary judgment all of Jones

2  contentions offered in motions and pleadings [signed under penalty of perjury].  See also Fraser

3  v. Goodale, 342 F.3d 1032, 1036037 (9th Cir. 2003) (form of evidence submitted is irrelevant as

4  long as the evidence *might be* made admissible at trial.)

5          The undersigned will follow long established law, and not interject himself into

6  the lawsuit as an advocate for the pro se plaintiff, be that advocacy on procedural or substantive

7  grounds.  Because plaintiff has not submitted authenticated, admissible evidence in his

8  opposition for summary judgment, and because he must follow the same rules as represented

9  parties, the motion of the United States should be granted.[2]

10  V.  CONCLUSION

11          Accordingly, IT IS HEREBY RECOMMENDED that defendant's December 20,

12  2004, summary judgment motion be granted and judgment be entered in favor of defendant.

13          These findings and recommendations are submitted to the United States District

14  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten

15  (10) days after being served with these findings and recommendations, any party may file written

16  objections with the court and serve a copy on all parties.  Such a document should be captioned

17  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

18  shall be served and filed within ten (10) days after service of the objections.  The parties are

19  advised that failure to file objections within the specified time may waive the right to appeal the

20  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

21  DATED: 4/22/05                            /s/ Gregory G. Hollows

22                                            _____
                                              GREGORY G. HOLLOWS
23  GGH:076                                   UNITED STATES MAGISTRATE JUDGE
    Gardner1221.sj.wpd

24

25      [2]  The undersigned is in no way being critical of plaintiff.  He did the best he could in a
    litigation world with which he is not familiar.  All of us find ourselves in similar situations
26  throughout life.